IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEAN BORGES-SANCHEZ,<br><br>Defendant. | CRIMINAL NO. 13-63 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Dean Borges-Sánchez was charged in a two Count Information, wherein Count One charges that, from on or about November 21, 2013, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aided and abetted by others, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance,.  All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Count Two charges that, on or about November 21, 2011, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aided and abetted by others, did knowingly possess firearms and ammunition, that is, a Glock pistol, Model 22, .40mm caliber, serial number HES-268, loaded with .40mm ammunition, modified to fire in the fully automatic mode, in furtherance of a drug trafficking crime, which may be prosecuted in a Court of the United States.  All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

On February 4, 2013, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of

<u>United States v. Dean Borges-Sánchez</u>
Criminal No. 13-63 (DRD)
Report and Recommendation
Page No. 2

Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to both Counts of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One and Two, he was examined and verified as being correct that: he had consulted with his counsel, Javier A. Cuyar-Olivo, prior to the hearing for entering of the plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the entering of the plea, the Waiver of Indictment, the consent to proceed before a United States Magistrate Judge, the content of the Information and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Cuyar-Olivo, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One of the Information is a term of imprisonment which shall not be more than twenty (20) years, a fine not to exceed one million dollars ($1,000,000.00) and a term of supervised release of at least three (3) years, all pursuant to Title 21, United States Code, §§ 841(b)(1)(c).

The statutory penalty for Count Two of the Information is a term of imprisonment of at least five (5) years and a maximum term of life imprisonment, and a term of supervised release of not more than five (5) years. The Court may also impose a fine not to exceed two hundred and fifty thousand dollars ($250,000.00).

The defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to paragraph number seven of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings. To this effect, defendant Dean Borges-Sánchez, is aware that his sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the presentence report. If the Court rejects the Plea Agreement, the Court shall, on the record, inform the parties of this fact and afford the

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than the defendant contemplated in the Plea Agreement.  In addition, as part of the terms and conditions of the Plea Agreement, the parties agree that should the Court reject the Plea Agreement, the United States reserves the right to withdraw from its obligations under the Plea Agreement.

Pursuant to Count Two, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), the defendant stipulates, acknowledges and agrees to forfeit to the United States all right, title, and interest in any firearms and ammunition involved or used in the commission of the offense, including, but not limited to, a Glock pistol, Model 22, .40mm caliber, serial number HES-268, loaded with .40mm ammunition.

The United States of America and the defendant stipulate for purposes of this Plea Agreement that the defendant shall be accountable for possessing with the intent to distribute at least fifty (50) grams but less than one hundred (100) grams of cocaine, a Schedule II Narcotic Drug Controlled Substance.

The above-captioned parties' estimate and agreement that appears on page five, paragraph nine of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  The Base Offense Level pursuant to U.S.S.G. §2D1.1(c)(12) (at least 50 grams but less than 100 grams of cocaine ) is of Sixteen (16).  Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of responsibility.  Therefore, the Total Offense Level is of Thirteen (13).

For Count One, the parties agree to recommend that the defendant be sentenced to a term of imprisonment at the lower end of the applicable guideline range for offense level 13, which is twelve (12) months if the defendant's CHC is I.  If the defendant's CHC is

United States v. Dean Borges-Sánchez
Criminal No. 13-63 (DRD)
Report and Recommendation
Page No. 6

different than what the parties originally believed, the parties recommend a sentence at the lower end of the applicable guideline range.

For Count Two, the parties agree and recommend that the defendant be sentenced to a term of imprisonment of five (5) years. The term of imprisonment imposed on Count Two shall run consecutively to the term of imprisonment imposed on Count One.

The United States and the defendant agree that no further adjustments or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement. If the defendant's CHC is different than what the parties originally believed, any request by the defendant for a sentence below the lower end of the applicable guideline range will be considered a material breach of this Plea Agreement.

At sentencing, the United States will move to dismiss the Indictment under Criminal No. 11-536 (DRD).

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged


United States v. Dean Borges-Sánchez
Criminal No. 13-63 (DRD)
Report and Recommendation
Page No. 7

the evidence of the government was fully disclosed to them and previously discussed between them. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph twelve (12) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and

understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Information in open court because he is aware of its content. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Two was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to both Counts of the Information in Criminal Case No. 13-63 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Two of the Information in Criminal Case No. 13-63 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Daniel R. Domínguez.

San Juan, Puerto Rico, this 4th day of February of 2013.

            s/ CAMILLE L. VELEZ-RIVE
            CAMILLE L. VELEZ-RIVE
            UNITED STATES MAGISTRATE JUDGE